1  **ROBINS KAPLAN LLP**
   Amy M. Churan, SBN 216932
2  *AChuran@RobinsKaplan.com*
   Daniel L. Allender, SBN 264651
3  *DAllender@RobinsKaplan.com*
   2049 Century Park East, Suite 3400
4  Los Angeles, CA  90067
   Telephone: (310) 552-0130
5  Facsimile:  (310) 229-5800

6  Attorneys for Defendant
   AFFILIATED FM INSURANCE
7  COMPANY

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREATIVE ARTISTS AGENCY, LLC, a Delaware limited liability company; and CAA HOLDINGS, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>  vs.<br><br>AFFILIATED FM INSURANCE COMPANY; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:21-cv-08314<br><br>**AFFILIATED FM INSURANCE COMPANY'S NOTICE OF REMOVAL**<br><br>**UNDER 28 USC § 1441(B) (DIVERSITY)** |

     Defendant Affiliated FM Insurance Company ("AFM"), pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, hereby removes this case from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California. In support of this Notice, AFM states as follows:

## STATE COURT ACTION

1. On September 10, 2021, plaintiffs CREATIVE ARTISTS AGENY, LLC and CAA HOLDINGS, LLC ("Plaintiffs") filed an unverified complaint against AFM (the "Complaint"), in the Superior Court of California for the County of Los Angeles, Case No. 21STCV33426 (the "State Court Action").

2. The Complaint alleges that AFM issued a property insurance policy to Plaintiffs and that Plaintiffs made an insurance claim to AFM as a result of the COVID-19 pandemic. Plaintiffs allege that AFM breached its obligations to Plaintiffs in connection with the insurance claim and seek damages and other relief.

3. A copy of the Complaint, accompanying exhibits, summons, and other case initiating documents are attached as **Exhibit A**.

4. AFM was first served with the Complaint and the summons issued by the state court on September 21, 2021.

5. On October 19, 2021, AFM filed its answer and affirmative defenses with the Superior Court. A copy of AFM's answer, demand for jury trial, and affirmative defenses are attached as **Exhibit B**.

6. Pursuant to 28 U.S.C. §§ 1446(a), Exhibits A and B together represent a copy of all process, pleadings, and orders served on or by AFM in this matter.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the parties are of diverse citizenship, the amount in controversy requirement is met, and all of the other requirements for removal have been satisfied.

## DIVERSITY OF CITIZENSHIP

8. Plaintiff Creative Artists Agency, LLC is a Delaware limited liability

1  company with its principal place of business in the County of Los Angeles, State of
2  California. Upon information and belief, none of the members of Creative Artists
3  Agency, LLC are citizens of Rhode Island.  Therefore, diversity is complete for the
4  purposes of federal diversity jurisdiction.

5      9.    Plaintiff CAA Holdings, LLC is the parent company of Creative Artists Agency, LLC.

      10.   Plaintiff CAA Holdings, LLC is a Delaware limited liability company with its principal place of business in the County of Los Angeles, State of California. Upon information and belief, none of the members of CAA Holdings, LLC are citizens of Rhode Island.  Therefore, diversity is complete for the purposes of federal diversity jurisdiction.

      11.   AFM is an insurance company organized under the laws of Rhode Island, with its principal place of business in Rhode Island. Therefore, AFM is a citizen of Rhode Island for the purposes of federal diversity jurisdiction.

      12.   Because Plaintiffs and AFM are citizens of different states, there is complete diversity of citizenship.

## AMOUNT IN CONTROVERSY

      13.   Plaintiffs allege that they are one of the world's leading entertainment and sports talent agencies and represents many of the most successful and innovative professionals working in sports, film, television, music, video games, theatre, and digital content.

      14.   Plaintiffs contend that, as a result of COVID-19 and the Civil Authority Orders, Plaintiffs suffered impairment to their business operations resulting in a loss of business income. Plaintiffs further contend that the losses associated with this loss should have been covered under their policies with AFM.

      15.   Even though Plaintiffs' Complaint does not allege a specific sum of damages, Plaintiffs allege that their damages are greater than $100,000. (*See* Compl. ¶ 87.)

16. In addition, each of the policies referenced in the Complaint are subject to a policy limit of $200,000,000 as a result of any one occurrence subject to the respective sub-limits of liability shown elsewhere in each of the policies.

17. Therefore, based on the breadth and scope of the foregoing allegations, the amount in controversy exceeds $75,000.

## TIMELINESS

18. This notice of removal is timely because AFM filed it within thirty days of the date that AFM received a copy of the Complaint. *See* 28 U.S.C. § 1446(b)(1).

## VENUE

19. Venue in this Court is proper. Actions are removable from a state court to the district court that encompasses the county where the action was filed. *See* 28 U.S.C. §1446(a).

## NOTICE

20. AFM is concurrently filing a Notice of Filing of Notice of Removal, together with this Notice and its supporting documents, with the Clerk of the Court of the Superior Court of California for the County of Los Angeles, in accordance 28 U.S.C. § 1446(d). The same is being provided to counsel for Plaintiffs.

## CONCLUSION

21. Having established that the requirements for removal are met for the State Court Action, AFM hereby gives notice of its removal.

DATED: October 20, 2021                **ROBINS KAPLAN LLP**

By: /s/ Daniel L. Allender
　　　Daniel L. Allender

**ATTORNEYS FOR DEFENDANT AFFILIATED FM INSURANCE COMPANY**

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Robins Kaplan LLP, 2049 Century Park East, Suite 3400, Los Angeles, California 90067-3208.

On **October 20, 2021**, I caused to be served the foregoing document described as **AFFILIATED FM INSURANCE COMPANY'S NOTICE OF REMOVAL** on the interested parties in this action as follows:

JEREMY J. OSHER
**BOREN, OSHER & LUFTMAN, LLP**
222 North Pacific Coast Highway, Suite 2222
El Segundo, CA 90245

*Attorneys for Plaintiffs*

[X]  **BY FEDERAL EXPRESS - OVERNIGHT:** I caused such envelope to be deposited in a box or other facility regularly maintained by Federal Express in an envelope or package designated by Federal Express with delivery fees paid addressed as stated above.

[]  **BY MAIL:** I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing in affidavit.

[X]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **October 20, 2021**, at Los Angeles, California.

/s/ Daniel L. Allender
Daniel Allender

61700600.1